UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Newmont Mining Corporation, | : |
| | : |
| Plaintiff, | : Case No. 1:17-cv-08065-RA |
| | : |
| v. | : |
| | : |
| AngloGold Ashanti Limited, AngloGold Ashanti North America, Inc., AngloGold Ashanti USA Incorporated, and Wayne M. Chancellor, | : |
| | : |
| Defendants. | : |

---

## APPLICATION FOR THE ISSUANCE OF
## INTERNATIONAL LETTERS OF REQUEST (LETTERS ROGATORY)

Pursuant to Federal Rule of Civil Procedure 28(b)(2) and 28 U.S.C. §1781(b)(2), Defendants AngloGold Ashanti Limited, AngloGold Ashanti North America, Inc., AngloGold Ashanti USA Incorporated, and Wayne M. Chancellor ("Defendants") respectfully petition this Court for the issuance of Letters Rogatory. The Letters Rogatory, attached here as **Exhibit A**, would permit Defendants to take the following evidence in Canada: (1) the production of relevant documents that may be in the possession of Deloitte LLP (Canada) ("Deloitte"); (2) the testimony, under oath, of Deloitte, pertaining to a Valuation Report[1] that was produced by Newmont in this litigation and that Newmont and/or their experts may rely on to establish damages. The testimony of Deloitte is not available from any source within the jurisdiction of the Southern District, and cannot be obtained by any means other than pursuant to an order of the

---

[1] "Valuation Report" as used herein means the report attached to Schedule B of the Letters Rogatory entitled "Valuation of certain assets of Cripple Creek and Victor Gold Mining Company, Inc. as at August 3, 2015," dated October 8, 2015, that was produced in this action by Newmont Mining Corporation and Bates-Stamped NEWMONT_0000562185-279.

appropriate judicial authority of Ontario, Canada, compelling Deloitte to appear for examination and produce relevant documents that are in their possession.  Deloitte, a non-party to this action, resides at Bay Adelaide Centre East Tower, 8 Adelaide Street West, Suite 200, Toronto, Ontario, M5H 0A9.  The testimony and documents of Deloitte are highly relevant to Plaintiff's damages claims in this litigation.  This evidence is also necessary for the fair determination of issues at trial.  Defendants understand that in considering this Application, the Court is not passing judgment on the ultimate merits of any claim or defense.

**I.     Courts Routinely Issue Letters Rogatory to Permit Parties to Take Evidence in  Foreign Countries, Including Canada.**

"A letter rogatory is the medium by which one country, speaking through its courts, requests another country, acting through its own courts and by the methods of court procedure peculiar thereto, to assist the administration of justice in the former country. It is used by a court, where an action is pending, to ask a foreign court to perform some 'judicial act,'" including the "taking of evidence." *Progressive Minerals, LLC v. Rashid*, No. 5:07-CV-108, 2009 WL 1789083, at *1 (N.D. W.Va. June 23, 2009). Rule 28(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. §1781(b)(2) grant the Court the authority to issue Letters Rogatory. *Netherby Ltd. v. Jones Apparel Group, Inc.*, No. 04-7028, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005).  According to the United States State Department, the issuance of Letters Rogatory is an appropriate avenue for the taking of evidence in Canada in connection with a matter pending in the United States. *See* https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/canada.html  (last visited October 31, 2018).

"Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material

evidence." *See Netherby*, 2005 WL 1214345, at *1-*2 (ordering issuance of Letter Rogatory to Canada to permit production of documents and the taking of depositions); *Elliot Assoc. v. Peru*, No. 96 Civ. 7917 (RWS), 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (granting plaintiff's request for Letters Rogatory to take testimony in the United Kingdom); *Progressive Minerals*, 2009 WL 1789083, at *3-*4 (granting motion for issuance of Letters Rogatory to permit document and deposition discovery in Canada).

## II. The Evidence Sought by Defendants Is Material or May Lead to the Discovery of Material Evidence.

The evidence sought by Defendants is material to its damages defense, and to examine and rebut the evidence Plaintiff produced in this litigation, titled "Valuation of certain assets of Cripple Creek and Victor Gold Mining Company, Inc. as at August 3, 2015," Bates-Stamped NEWMONT_0000562185-279. Defendants believe that this report may be used by Newmont to support its damages claims in this litigation. Therefore, Deloitte is a percipient witness to relevant facts at issue in this action. The report, and any relevant work product related to the report, was created by Deloitte representatives in Canada. Obtaining the production of documents and oral evidence of Deloitte in Canada by the requested Letters Rogatory is the only way to admissibly discover all relevant facts of which Deloitte is aware, including its conclusions, assumptions, and methodology in creating the Valuation Report.

For the foregoing reasons, Defendants respectfully request that this Court issue the attached Letters Rogatory.

Dated:  November 8, 2018

**HOLLAND & KNIGHT LLP**

/s/ Thomas Drew Leland

Thomas Drew Leland (*pro hac vice*)
Holland & Knight LLP
1801 California St., Suite 5000
Denver, CO 80202
Phone: (303) 974-6643
Fax: (303) 974-6659
Email: thomas.leland@hklaw.com

*Attorneys for Defendants*