# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED

RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700
————
CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1648

WRITER'S EMAIL ADDRESS
lmoskowitz@cravath.com

DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART

AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
————
SPECIAL COUNSEL
SAMUEL C. BUTLER
————
OF COUNSEL
MICHAEL L. SCHLER

November 9, 2018

_Newmont Mining Corp. v. AngloGold Ashanti Ltd._,
No. 17 Civ. 8065 (RA) (JLC) (S.D.N.Y.)

Dear Judge Cott:

I represent Defendants AngloGold Ashanti Limited ("AGA Ltd."), AngloGold Ashanti North America, Inc. ("AGA NA") and AngloGold Ashanti USA Inc. ("AGA USA", and collectively, "AGA") and Wayne M. Chancellor (together with AGA, "Defendants"). I write in opposition to Plaintiff Newmont Mining Corporation's ("Newmont") November 5, 2018 letter motion to compel (ECF No. 73).

As an initial matter, the parties reached impasse on the documents in Newmont's Exhibit A on September 13, 2018, more than a month before the first deposition was scheduled to occur and did occur in this case on October 16, 2018. Newmont waited until November 5, 2018, to bring this Motion. Also, despite having the entries and documents corresponding to Newmont's Exhibit B since August 10, 2018, Newmont waited until October 11, 2018 to make any mention of those documents. Given that delay, any request to reopen depositions should be denied.[1]

**Exhibit A Documents**: As background, this case arises out of Newmont's 2015 acquisition of the Cripple Creek & Victor ("CC&V") mine through a purchase from AGA of the stock of an AGA subsidiary that had owned CC&V, AngloGold Ashanti (Colorado) Corp. ("AGA Colorado"). On June 18, 2018, Newmont raised a challenge to Defendants' initial May 18, 2018 privilege log, arguing that it owned a joint privilege over any communications involving AGA Colorado or CC&V, and attached an appendix with 580 log entries that corresponded to that challenge. Defendants agreed to and did produce the challenged communications to the extent they included personnel from AGA

---

[1] Newmont also attaches an Exhibit D, apparently solely for the purpose of pointing out errors in Defendants' initial May 18, 2018 privilege log. Each of the privilege claims on Exhibit D already was withdrawn by Defendants and the related document produced in unredacted form as part of Defendants' affirmative and unprompted re-review of the privilege determinations in the initial log. Such an exercise is hardly uncommon and should be encouraged. That exhibit is wholly irrelevant to the present dispute.

Colorado and/or CC&V.  On August 2, 2015, Newmont expanded its challenge, arguing that it is entitled not only to communications that included individuals who worked at AGA Colorado or CC&V, but also employees of *other* AGA entities who performed work *related to* those acquired entities, specifically, AGA in-house counsel Meghan Martelon and Korey Christensen.  It is this category of documents that are the subject of Newmont's Exhibit A.  Newmont's Motion should be denied.

As a threshold matter, Newmont mistakenly suggests that Ms. Martelon and Mr. Christensen were AGA Colorado and/or CC&V employees, citing references in the Stock Purchase Agreement ("SPA") that effected the sale of CC&V.  The SPA only referred to the *possibility* that Ms. Martelon and Mr. Christensen may become AGA Colorado and/or CC&V employees in connection with the transaction, which did not actually occur.  As a matter of fact, those individuals were at all times employees of AGA NA.  (*See* Exs. C, D.)

Moreover, Newmont's challenge is premised on an impossibly broad interpretation of what constitutes a "joint" representation.  Newmont cites various materials for the proposition that when "communications [are] made for the purpose of obtaining or providing legal assistance to more than one entity, the privilege is held and can be waived by each such entity".  (*See* ECF 73 at 1.)  Defendants do not disagree with this principle.  Indeed, Defendants have produced a number of communications involving Ms. Martelon and Mr. Christensen in which they were acting on behalf or in the interest of AGA Colorado or CC&V (*e.g.*, communications related to CC&V's disposal of uranium slag).  Newmont is wrong, however, that any time Ms. Martelon or Mr. Christensen worked on a matter for AGA that *related* to AGA Colorado or CC&V, then "they were necessarily acting, at least in part, as attorneys for AGA [Colorado] and/or CC&V".  (ECF 73 at 2.)  Such an expansive interpretation of joint privilege essentially would require the Court to hold that a parent corporation in the process of selling its subsidiary forfeits the right to be separately advised about the transaction outside of the purview of the eventual acquirer.  *See, e.g.*, *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 372 (3d Cir. 2007) ("A similar concern is that courts may find too broad of a joint representation, which in a spin-off situation ends up allowing the subsidiary to invade the parent's privilege.").

The 56 privilege log entries in Exhibit A all involve communications relating to AGA's own separate legal interests.[2]  For example, of the 18 entries that Newmont categorizes as "CC&V Operations", 11 of those entries pertain to communications between Ms. Martelon, AGA executives and outside counsel concerning the preparation of Hart-Scott-Rodino filings *on behalf of AGA Ltd.*—not the acquired entities—in connection with the transaction at issue.  Similarly, the privilege log entries that Newmont categorizes as "CC&V Diligence" are predominantly conversations between Ms. Martelon, Mr. Christensen and/or Mr. Chancellor—all AGA in-house

---

[2] Newmont's Exhibit A contains outdated privilege narratives from a prior version of Defendants' privilege log instead of the updated and corrected entries that Defendants subsequently provided to Newmont.  Defendants attach hereto a corrected version of Newmont's Exhibit A with the actual narratives that accompany the challenged documents.

counsel—regarding the scope of *AGA's* disclosure obligations in connection with the transaction. Finally, Newmont's category of "CC&V Litigation" generally comprises communications made for the purpose of providing legal advice *to AGA* concerning litigations between AGA's subsidiaries and certain third-party contractors.

**Exhibit B Documents**: Newmont's Exhibit B challenges twelve documents: (1) seven sets of handwritten notes of AGA in-house counsel, Mr. Chancellor and Mr. Christensen, and (2) five miscellaneous redacted emails that Newmont challenges on the purported basis that they are "highly unlikely to be privileged given the context of the communication[s]". (ECF 73 at 3.) Both categories of challenges should be denied.

*First*, Newmont insists that the notes of AGA's in-house counsel cannot be privileged because they relate to meetings in which either AGA Colorado, CC&V or Newmont personnel were also in attendance. Newmont's reliance on *Polycast Tech. Corp. v. Uniroyal, Inc.*, 125 F.R.D. 47 (S.D.N.Y 1989), is misplaced. *Polycast* involved whether a parent corporation could assert privilege over the handwritten notes *of a non-attorney employee* of its former subsidiary. *Id.* at 49-50. Here, Defendants have asserted privilege over the handwritten notes of *attorney employees of AGA*, not of the former subsidiary, both of whom were acting in their capacity as in-house counsel for and serving the interests of AGA at all relevant times. Accordingly, the notes are privileged material reflecting the mental impressions of those attorneys formed for the purpose of advising their client, AGA. *See Leber v. Citigroup 401(K) Plan Inv. Comm.*, No. 07-CV-09329 SHS DF, 2015 WL 6437475, at *3 (S.D.N.Y. Oct. 16, 2015) (denying motion to compel production of documents prepared in contemplation of providing legal advice). The mere presence of personnel from those entities at a meeting does not operate as a waiver of AGA's privilege over its attorneys' confidential notes from that meeting. *See Lingua v. Schering-Plough Corp.*, 254 F.R.D. 159, 160 (D. Conn. 2008) (denying motion to compel notes documenting meeting with adverse party where there was "no evidence that the notes were shared with anyone other than plaintiff's attorney and not kept confidential").

*Second*, as to Newmont's miscellaneous challenges to five emails, Defendants will address two without Court intervention. For one (AGA00711063), the broader initial redaction remained on the document due to a technical error and will be removed. For the other (AGA00706496), upon review, Defendants withdraw their privilege claim and will produce the document. For the remaining three documents (AGA00706104, AGA00737992 and AGA00724252), however, Defendants maintain that the redactions have been correctly applied to privileged material, as indicated in the attached Exhibit B.

Finally, Newmont's request for "reasonable expenses" is misplaced. Federal Rule of Civil Procedure 37(a)(5) prohibits the award of expenses where, as here, "the opposing party's nondisclosure, response or objection was substantially justified". *See also Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013) ("Conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.").

Respectfully submitted,

Lauren A. Moskowitz

Hon. James L. Cott
   United States Magistrate Judge
      Daniel Patrick Moynihan
         United States Courthouse
           500 Pearl St.
             New York, NY 10007

Encls.

BY ECF

Copies w/ Encls. to:

All Counsel of Record

BY ECF