# Holland & Knight

1801 California Street, Suite 5000 | Denver, CO 80202 | T 303.974.6660 | F 303.974.6659
Holland & Knight LLP | www.hklaw.com

Thomas D. Leland
+1 303-974-6643
Thomas.Leland@hklaw.com


November 16, 2018

The Honorable James L. Cott
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Defendants' Request for Issuance of Letters Rogatory*
                *Newmont Mining Corp. v. AngloGold Ashanti Ltd., et al., No. 1:17-cv-08065 RA*

Magistrate Judge Cott,

      On November 8, 2018, Defendants AngloGold Ashanti Ltd., AngloGold Ashanti North America, Inc., AngloGold Ashanti USA Inc., and Wayne M. Chancellor (collectively, "Defendants") filed an Application for the Issuance of Letters of Request (Letters Rogatory) (dkt. 84) (the "Application") with this Court.  In the Application, Defendants requested that the Court issue Letters Rogatory requesting assistance from the relevant judicial authority in Ontario, Canada in order to allow Defendants to take discovery from non-party Deloitte LLP (Canada) ("Deloitte").  As Deloitte is a Canadian entity not subject to service of process in the United States or to the jurisdiction of this Court, the only way for Defendants to obtain evidence from Deloitte is to request (via Letters Rogatory issued by this Court) that the appropriate judicial authority in Ontario, Canada compel Deloitte to produce relevant documents in its possession and appear for examination.

      In response to Defendants' Application, your Honor has requested that we inform the Court by letter (1) whether we served the Application on Deloitte (Canada); and (2) whether Deloitte (Canada) has indicated that it plans to object to the request, or has otherwise responded or explained its position.

      With respect to service of process, Defendants have not yet served the Application on Deloitte as there is no available mechanism by which to do so.  Because Deloitte (Canada) is a foreign entity and not subject to the jurisdiction of this Court, we require the assistance of the appropriate court in Ontario, Canada in order to effectuate service of discovery on it.  Once this Court issues the requested Letters Rogatory, Defendants' Canadian counsel will file it with the appropriate court in Ontario, request that it be enforced, and serve it on Deloitte pursuant to

The Honorable James L. Cott
November 16, 2018
Page 2

applicable Canadian rules/laws.  The court in Ontario will review Defendants' request in order to determine whether it complies with Canadian law and whether Deloitte (Canada) can be compelled to provide the requested evidence.  Deloitte will have the opportunity to object to the Defendants' request at that time.  If the Canadian court determines the request is appropriate, the Canadian court will then issue an order compelling Deloitte to produce documents and appear for a deposition, in Canada.

      Regarding Deloitte's position on the matter, Deloitte's legal counsel has informed us that Deloitte will not provide documents or other evidence in this matter unless Defendants "proceed through appropriate judicial process by way of letters rogatory process."  Specifically, on October 2, 2018, counsel for Defendants sent a letter (attached hereto as Exhibit A) to the Partner at Deloitte who authored the Deloitte Valuation Report at issue informing him that, if necessary, we intended to seek production of relevant materials from Deloitte "through the 'letters rogatory' process."  However, because that process is costly and time consuming, we requested to "explore the possibility of an agreement with Deloitte to voluntarily produce additional materials related to its preparation of the valuation."  The Deloitte Partner responded by email (attached hereto as Exhibit B) stating "I will refer this to our legal group for their review and then revert."  On October 5, 2018 we received a letter from Legal Counsel at Deloitte (attached hereto as Exhibit C) informing us that "Deloitte Canada is a Canadian entity and not subject to the US jurisdiction" and that "due to our professional obligation to protect our client's confidentiality, we cannot provide you or your client with any documents or information relating to the Company."  The letter continued to state that "to the extent your client wishes to seek production of any documents from Deloitte Canada, they will need to proceed through appropriate judicial process by way of letters rogatory process."  Thereafter, Defendants retained Canadian counsel and filed the Application now at issue.

      For the reasons stated above and in the Application, Defendants respectfully request that the Court issue the requested Letters Rogatory.

Respectfully submitted,

HOLLAND & KNIGHT LLP


*/s/Thomas D. Leland*
Thomas D. Leland


cc:    Counsel of Record (via electronic filing)
Attachments