# Ballard Spahr LLP

1225 17th Street, Suite 2300
Denver, CO 80202-5596
TEL 303.292.2400
FAX 303.296.3956
www.ballardspahr.com

Sarah B. Wallace
Tel: 303.299.7334
Fax: 303.296.3956
wallaces@ballardspahr.com

November 16, 2018

*By Electronic Filing*

Hon. James L. Cott

Re:   Newmont Mining Corporation v. AngloGold Ashanti Limited, et al., Case No. 17 Civ. 8065, Objection to Application For Issuance of International Letters of Request (Letters Rogatory) ECF 84

Dear Judge Cott:

Pursuant to this Court's November 14, 2018 Order taking under advisement Motion for Issuance of Letters Rogatory ("Motion"), I write on behalf of Plaintiff Newmont Mining Corporation ("Newmont") to advise the Court that Newmont does not oppose the Motion filed by Defendants AngloGold Ashanti Limited, AngloGold Ashanti North America, Inc., and AngloGold Ashanti USA Inc., and Wayne Chancellor (collectively, "AGA"), but reserves the right to object to the taking a of a Deloitte deposition in Canada until after Deloitte has produced documents and AGA has established a basis upon which any such deposition is necessary and proportional to the needs of this case.

The Parties have discussed the contents of this letter and have agreed that: (1) Newmont will assist AGA in obtaining any relevant documents from Deloitte; (2) after reviewing any relevant documents discuss whether a deposition is warranted; and (3) Newmont reserves its right to object to any deposition notwithstanding the issues of Letters Rogatory.

AGA claims that Deloitte's potential testimony relating to the Deloitte valuation report is "highly relevant to Plaintiff's damages claims." [Application at 2]. In reality, Newmont commissioned Deloitte to perform what was essentially an accounting exercise, which exercise it largely completed after the sale of CC&V, and for which it did not rely on any current operations data to generate the document titled "Valuation of certain assets of Cripple Creek and Victor Gold Mining Company, Inc. as at August 3, 2015" (the "Report"). [Application at 19 to 112]. Newmont currently has no intention of relying on the Report in support of its claims for damages, or providing the Report to its experts.

Any Deloitte deposition would bring AGA's total number of fact depositions to 13. Newmont and AGA have conceptually agreed to exceed the 10 deposition limit to give the Parties the opportunity to depose witnesses the other Party may call at trial. This additional deposition is outside of that agreement. Newmont did not list Deloitte in its

Hon. James L. Cott
November 16, 2018
Page 2

Rule 26(a)(1)(A) disclosures and has no intention of calling a Deloitte representative to appear at trial.

For all of these reasons, Newmont does not object to this Court issuing the Letters Rogatory so that AGA can obtain documents, but reserves its right to object to AGA pursuing a deposition until after the Parties have had the ability to assess the necessity of any such deposition.

Thank you.

Very truly yours,

*[signature]*

Sarah B. Wallace

SBW/lr