UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
Newmont Mining Corporation,

Plaintiff,

v.

AngloGold Ashanti Limited, AngloGold Ashanti North America, Inc., AngloGold Ashanti USA Incorporated, and Wayne M. Chancellor,

Defendants.

---------------------------------------------------------------- x

Case No. 1:17-cv-08065-RA-JLC

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/18

## LETTERS ROGATORY

The United States District Court for the Southern District of New York ("the Southern District") presents its compliments to the appropriate judicial authority of Ontario, Canada and requests international judicial assistance to obtain evidence to be used in the above captioned civil proceeding before this Court. Fact discovery in this matter is scheduled to close by December 21, 2018. A trial on this matter will take place sometime thereafter in this Court in New York, New York.

The Southern District has determined that it would further the interests of justice and that justice cannot be completely done between the parties without the testimony, under oath, of Deloitte LLP (Canada) ("Deloitte"), residing within your jurisdiction, along with documents that may be in its possession. The action involves claims by Newmont Mining Corporation ("Newmont") against AngloGold Ashanti North America, Inc. ("AngloGold") and others of breach of contract, fraudulent inducement, and securities fraud. Deloitte drafted a valuation report that was produced by Newmont in this litigation which Newmont may rely on to establish damages and on which their experts may rely. The testimony of Deloitte is not available from any source within the jurisdiction of the Southern District, and cannot be obtained by any means other than pursuant to an order of appropriate judicial authority of

1

Ontario, Canada, compelling Deloitte to appear for examination and produce relevant documents that are in its possession. Deloitte, a non-party to this action, resides at Bay Adelaide Centre East Tower, 8 Adelaide Street West, Suite 200, Toronto, Ontario, M5H 0A9.

This request is made pursuant to 28 U.S.C. §1781(b)(2), Rule 28 of the Federal Rules of Civil Procedure, Rule 46 of the Canada Evidence Act, R.S.C., 1985, c. C-5, and Section 60 of the Ontario Evidence Act, R.S.O. 1990, c. E.23. The Southern District is a court of law and equity and has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Fact Discovery in the above-captioned matter is currently scheduled to close by December 21, 2018 and, on information and belief, Deloitte resides in Ontario, Canada. Deloitte's testimony and the documents in its power or possession are relevant to and necessary for the fair determination of this proceeding, and are intended for use at trial. This request is made with the understanding that: (1) this request will not require Deloitte to commit any offense; (2) this request will not require Deloitte to undergo a broader form of inquiry than it would if the litigation were conducted in Canada; and (3) the requested examination and production of documents do not violate the laws of civil procedure of any Canadian court. The Southern District has also determined that the testimony of Deloitte and the documents requested cannot be secured except by the intervention of an appropriate Canadian court.

The Southern District therefore requests that you, in furtherance of justice by the proper and usual process of your court, cause Deloitte to produce the documents requested and to produce a representative with direct knowledge of the facts in issue to appear before an official examiner authorized to administer oaths, and to take oral evidence, at a precise time to be fixed by you, and answer on his oath or affirmation questions and cross-questions, and that you will direct his deposition to be transcribed and recorded by video, and the transcript and video be sent to counsel for the parties in the action, who so request a copy. The Southern District stands ready to provide similar judicial assistance to judicial authorities in Canada when required.

THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK THEREFORE MAKES THE FOLLOWING REQUEST:

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY) REGARDING DELOITTE LLP (CANADA)**

1. Requesting Judicial Authority:

    The United States District Court for the Southern District of New York
    500 Pearl Street
    New York, New York 10017
    USA

2. Case Name:

    *Newmont Mining Corporation v. AngloGold Ashanti Limited, et al.*, Docket No. 17-cv-08065-RA (S.D.N.Y.)

    Nature and Purpose of the Proceedings and Summary of the Facts:

    This request relates to a civil action commenced in October 2017. The Plaintiff is Newmont Mining Corporation ("Newmont"). The Defendants are AngloGold Ashanti Limited, AngloGold Ashanti North America, Inc., AngloGold Ashanti USA Incorporated, and Wayne M. Chancellor.

    Following legal briefing on the sufficiency of certain of Plaintiff's claims, the applicability of an arbitration clause, and the existence of personal jurisdiction as to Defendant Chancellor, on September 30, 2018, this Court issued an Opinion and Order, compelling arbitration as to certain claims, denying Chancellor's motion to dismiss for lack of personal jurisdiction, and granting Defendants' motion to dismiss certain claims. (Case No. 17-cv-08065-RZ, ECF No. 65.) The following description of the action, assuming as true the facts alleged by Plaintiff, is taken from that Order and Opinion:

This case is about the ownership, operations, and sale of an open-pit gold mining operation in Colorado. . . . Originally, the mine at issue was owned by the Cripple Creek & Victor Mining Company ("Victor Mining"), a 100% subsidiary of AngloGold. In 2012, Victor Mining began planning for and building a new high grade mill. Since then, however, the mill has suffered from various structural issues and production problems and has not operated at capacity as a result. At some point prior to November 2014, a third party allegedly acquired the mineral interests on a plot of land on Victor Mining's property adjacent to the mill, referred to by the parties as MS 9282 ("the Plot").

In early 2015, AngloGold began marketing Victor Mining for sale and sent Newmont an offer to sell the company. Wayne Chancellor, who was the Vice President and General Counsel to one of the AngloGold entities during the relevant time period, actively participated in the marketing and sale process on behalf of AngloGold. Negotiations proceeded over the next few months. In May 2015, executives from Newmont and AngloGold, including Chancellor, met for two days in New York City, at the offices of AngloGold's outside counsel, Cravath, Swaine & Moore LLP, to discuss the transaction, negotiate certain terms of the deal, and finalize the agreement.

On June 8, 2015, Newmont and AngloGold entered into a Stock Purchase Agreement ("SPA") in which Newmont agreed to purchase 100% of Victor Mining's stock for approximately $820 million. That price was approximate because the contract permitted the parties to adjust the price after closing through a "Purchase Price Adjustment" procedure. The SPA also included a promise by AngloGold to keep Newmont updated on all material business matters and events prior to the deal's closing date. The SPA further provided that any lawsuit arising therefrom would be governed by New York law and that the parties consented to the jurisdiction of and to bring lawsuits in the U.S. District Court for the Southern District of New York.

Over the next two months, the AngloGold Entities allegedly began experiencing increasingly severe problems with the mill-the result of purported "design defects." Instead of

4

clearly communicating these problems with Newmont, AngloGold allegedly took various "steps to hide . . . the existence of the increasingly severe problems." Chancellor allegedly participated in this fraud in a variety of ways, including by failing to disclose the problems with the mill that had been identified in an internal Victor Mining memorandum.

The deal closed in New York City on August 3, 2015, without any adjustment in price. Chancellor attended the closing. According to the Complaint, neither at nor prior to closing did Chancellor or others at AngloGold inform Newmont about the problems that the mill had been having or about any third party's ownership of the mineral interests in the Plot. After closing, AngloGold and Newmont disputed the proper amount of the pertinent Purchase Price Adjustment under the SPA.

Newmont filed this action on October 19, 2017, seeking damages from Defendants relating to the mill's deficiencies, various purported misrepresentations and fraudulent omissions, and the disagreement with respect to the Purchase Price Adjustment.

\* \* \*

Additionally, according to Defendants, on October 8, 2015, Deloitte LLP (Canada) issued a report to Newmont USA Limited entitled "Valuation of certain assets of Cripple Creek and Victor Gold Mining Company, Inc. as at August 3, 2015," that was produced in this litigation by Newmont and Bates-Stamped NEWMONT_0000562185-279. Defendants' assert that this report may be used by Newmont to support its damages claims in this litigation. Therefore, Deloitte is a percipient witness to relevant facts at issue in this action. The report, and any relevant work product related to the report, was created by Deloitte representatives in Canada. Obtaining the production of documents and oral evidence of Deloitte in Canada is the only way to admissibly discover all relevant facts of which it is aware, including its conclusions, assumptions, and methodology in creating the report at issue.

5

3.  <u>Central Authority of the State of Origin:</u>

    United States Department of Justice
    Office of International Judicial Assistance
    (Office of Foreign Litigation)
    Commercial Litigation Branch, Civil Division
    Washington, DC, USA 20530

4.  <u>Central Authority of the State of Destination:</u>

    Ministry of the Attorney General
    Court Administration
    361 University Ave.
    Toronto, Ontario
    MSG 1T3
    Canada

5.  <u>Requested Judicial Authority:</u>

    A competent Judge of the Superior Court of Justice in Ontario.

6.  <u>Requesting Parties:</u>

    AngloGold Ashanti Limited, AngloGold Ashanti North America, Inc., AngloGold Ashanti USA Incorporated, and Wayne M. Chancellor.

7.  <u>Counsel to Requesting Parties:</u>

    Lauren Ann Moskowitz
    Cravath, Swaine & Moore LLP
    825 Eighth Avenue
    New York, NY 10019
    (212) 474-1530
    Fax: (212) 474-3700
    Email: lmoskowitz@cravath.com

Thomas Drew Leland
Holland & Knight LLP
1801 California St., Suite 5000
Denver, CO 80202
(303) 974-6643
Fax: (303) 974-6659
Email: thomas.leland@hklaw.com

Elizabeth Austin
Holland & Knight LLP
1801 California Street
Suite 5000
Denver, CO 80202
(303) 974-6660
Email: elizabeth.austin@hklaw.com

*Counsel for AngloGold Ashanti Limited, AngloGold Ashanti North America, Inc., AngloGold Ashanti USA Incorporated, and Wayne M. Chancellor*

8. Plaintiffs in Action:

Newmont Mining Corporation.

9. Counsel to Plaintiffs in Action:

Andrew J. Petrie
Ballard Spahr LLP (CO)
1225 17th Street, Suite 2300
Denver, CO 80202
(303) 292-2400
Fax: (303) 296-3956
Email: petriea@ballardspahr.com

Sarah Block Wallace
Ballard Spahr LLP (NYC)
1675 Broadway, 19th Floor
New York, NY 10019
(212) 223-0200
Fax: (212) 223-1942
Email: wallaces@ballardspahr.com

        Gregory Paul Szewczyk
        Simpson Thacher & Bartlett LLP (NY)
        425 Lexington Avenue
        New York, NY 10017
        (212) 455-2278
        Fax: (212) 455-2502
        Email: szewczykg@ballardspahr.com

        *Counsel for Newmont Mining Corporation*

10.    Persons (Representatives) Designated to Act in Connection with the Letters Rogatory:

        Andrew Faith
        Polley Faith LLP
        80 Richmond St. W., Suite 1300
        Toronto, ON M6H 2A4
        (416) 365-1602
        Email: afaith@polleyfaith.com

The above representatives will be responsible for reimbursing the judicial authorities of Ontario, Canada for costs and expenses incurred in executing these requested Letters Rogatory.

11.    Identity and Address of Entity to Be Examined of Whom Documents Are Requested:

        Deloitte LLP (Canada)
        Bay Adelaide East
        8 Adelaide Street West, Suite 200
        Toronto, Ontario
        M5H 0A9

12.    Documents Requested from Deloitte:
        *See* below "**Schedule A.**"

13.    Subject Matter About Which Deloitte Is to Be Examined:
        *See* below "**Schedule B.**"

14.     Requirement That the Evidence Be Given on Oath or Affirmation:

The examination of the entity identified at Paragraph 11 above will be taken under oath before (I) a secretary of embassy, counsel general, consul, vice-consul, or consular agent of the United States of America or any officer authorized to administer oaths under the laws of the United States of America or of Canada or (2) before a person appointed by the Court and empowered to administer oaths and take oral evidence.

This Court further requests that you, by your proper and usual process, require that the evidence given during the above described deposition be given under the following oath or affirmation: "I [deponent] swear that the evidence that I am about to give is the truth, the whole truth and nothing but the truth, so help me God" or "I [deponent] solemnly affirm that the evidence that I am about to give is the truth, the whole truth and nothing but the truth."

15.     Special Methods or Procedures to Be Followed:

The examinations of the entity identified in Paragraph 11 above will be taken under the Federal Rules of Civil Procedure, except to the extent that any such procedure is incompatible with Canadian or Ontario law. The examinations and cross-examinations shall be the same as though the deponent were testifying at trial. The examinations and cross-examinations will be recorded stenographically and by videotape. The examination will be conducted at such time and date to be agreed with the witness but, in any event prior to December 21, 2018, unless otherwise agreed by the parties.

9

16. <u>Request for Notification of Time and Place for the Execution of the Request and Address of Any Person to Be Notified:</u>

Andrew Faith
Polley Faith LLP
80 Richmond St. W., Suite 1300
Toronto, ON M6H 2A4
(416) 365-1602
Email: afaith@polleyfaith.com

Counsel for Defendants will promptly send notice to counsel for all parties to the action. Please send the original transcripts of the depositions to:

Andrew Faith
Polley Faith LLP
80 Richmond St. W., Suite 1300
Toronto, ON M6H 2A4
(416) 365-1602
Email: afaith@polleyfaith.com

Your assistance in this matter is appreciated and this Court stands ready to provide similar judicial assistance to judicial authorities in Canada.

Signed this 19th day of November, 2018 at New York, New York.

[Seal of Court]

Hon. James L. Cott
United States Magistrate Judge
Southern District of New York

## SCHEDULE A

Definitions

The following definitions apply:

1. "Valuation Report" means the report attached to **Schedule B** entitled "Valuation of certain assets of Cripple Creek and Victor Gold Mining Company, Inc. as at August 3, 2015," dated October 8, 2015, that was produced in the *Newmont Mining Corporation v. AngloGold Ashanti Limited, et al.*, Docket No. 17-cv-08065-RA (S.D.N.Y.) by Newmont Mining Corporation and Bates-Stamped NEWMONT_0000562185-279.

2. "Newmont" means Newmont Mining Company, its officers, executives, employees, agents, attorneys, and accountants and any of its affiliates along with their officers, executives, employees, agents, attorneys, and accountants.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6. "Including" shall be interpreted to mean "including but not limited to."

Relevant Time Period

The relevant period, unless otherwise indicated, shall be from January 1, 2012 through the present.

Documents Requested

The following documents are requested:

1. A copy of any communications between you and Newmont and/or any third party regarding the Valuation Report or the subject of the Valuation Report.

11

2. All documents in your possession concerning the Valuation Report or the subject of the Valuation Report.

3. All documents and/or communications in your possession created in the course of preparing the Valuation Report, including any drafts thereof.

## SCHEDULE B

Definitions

The following definitions apply:

1. "Valuation Report" means the report attached hereto and entitled "Valuation of certain assets of Cripple Creek and Victor Gold Mining Company, Inc. as at August 3, 2015," dated October 8, 2015, that was produced in the *Newmont Mining Corporation v. AngloGold Ashanti Limited, et al.*, Docket No. 17-cv-08065-RA (S.D.N.Y.) by Newmont Mining Corporation and Bates-Stamped NEWMONT_0000562185-279.

2. "Newmont" means Newmont Mining Company, its officers, executives, employees, agents, attorneys, and accountants and any of its affiliates along with their officers, executives, employees, agents, attorneys, and accountants.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6. "Including" shall be interpreted to mean "including but not limited to."

Relevant Time Period

The relevant period, unless otherwise indicated, shall be from January 1, 2012 through the present.

Deposition Topics

The following are the topics for the deposition of Deloitte LLP (Canada):

1. The deponent's education, background, and employment at Deloitte, and their involvement in the creation, consideration, or preparation of the Valuation Report.

13

2. Deloitte's creation, preservation, collection, and production of documents produced in response to **Schedule A**.

3. Deloitte's communications with Newmont and/or any third party concerning the Valuation Report or the subject of the Valuation Report.

4. Deloitte's preparation of the Valuation Report, including any preparatory work product, internal communications concerning the Valuation Report or the subject of the Valuation Report, and any drafts thereof.

5. Deloitte's preliminary and ultimate conclusions concerning the Valuation Report or the subject of the Valuation Report.