# Ballard Spahr
##### LLP

1225 17th Street, Suite 2300
Denver, CO 80202-5596
TEL 303.292.2400
FAX 303.296.3956
www.ballardspahr.com

Gregory P. Szewczyk
Tel: 303.299.7382
Fax: 303.296.3956
szewczykg@ballardspahr.com

October 25, 2019

**MEMO ENDORSED**

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/2/20

*Via ECF*

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Newmont Mining Corp. v. AngloGold Ashanti, Ltd.*,
No. 17-cv-8065 (RA)(JLC) (S.D.N.Y.

Dear Judge Abrams,

      I write to you on behalf of Plaintiff Newmont Mining Corporation ("Newmont").

      Pursuant to Paragraph 5.A of the Court's Individual Rules and Practices in Civil Cases, Newmont submits this letter motion to request leave to file under seal certain exhibits to the Declaration of Gregory P. Szewczyk [ECF No. 126]. The specific exhibits at issue in this motion are Exhibits 30 and 31 (the "AGA Exhibits") and 83, 84, 131, 132, 140, 141, 142, and 143 (the "Newmont Exhibits").

      Newmont takes no position as to the confidentiality of the AGA Exhibits. Newmont seeks leave to file the AGA Exhibits solely at the behest of the AGA Defendants, which requested the treatment for the documents underlying the AGA Exhibits. The AGA Defendants supplied the following statement regarding why, in their view, the documents should be filed under seal:

> The AGA Defendants request that the document identified as Exhibit 31 and the email attachment within the document identified as Exhibit 30 be sealed in their entirety. Both contain highly sensitive and proprietary information delivered to AGA's Board about the entirety of AGA's operations (not just the mine that is the subject of this litigation), including AGA's assessment of the prospects of those operations, projections of their future performance, strategic initiatives, and AGA's budgetary process and methods. This includes information about operations that are or may become the subject of current or future M&A transactions. Accordingly,

Hon. Ronnie Abrams
October 25, 2019
Page 2

disclosing these documents to the general public could result in significant competitive harm to AGA.

Newmont requests that the Newmont Exhibits be sealed in their entirety. Newmont Exhibits 84 and 85 are Confidential Post Investment Review memoranda, which contain highly sensitive information demonstrating how Newmont may interpret and use various metrics related to the CC&V transaction in future transactions. The Court ordered these documents sealed when attached to the AGA Defendants' Motion for Summary Judgment. (ECF No. 119.) The remaining Newmont Exhibits contain similarly highly sensitive information demonstrating how Newmont may interpret and use various metrics in future transactions. *See* Exhibit 132 (M&A Process Guide containing highly sensitive information demonstrating Newmont's internal due diligence process and guidelines for evaluating potential business acquisitions); Exhibits 133, 141, 142, 143, and 144 (Investment Reviews containing highly sensitive information demonstrating Newmont's evaluation of the option to treat CC&V High Grade Mill concentrates off-site). The Newmont Exhibits were not distributed internally at Newmont, and if disclosed to the general public, could result in severe competitive harm to Newmont. Therefore, Newmont asks that the Court seal the Newmont Exhibits in their entirety.

Pursuant to Paragraph 5.A of the Court's Individual Rules and Practices in Civil Cases, Newmont is delivering to Chambers by hand highlighted hardcopies of Exhibits 84, 85, 132, 133, 141, 142, 143, and 144 together with a clean, duplicate set. In accordance with SDNY ECF Filing Rule 5.2, Newmont is delivering only the excerpted portions of these documents that are relevant to the Motions for Summary Judgment, which constitute the full proposed exhibits. In the event the Court would like complete copies of these exhibits, including portions Newmont does not intend to file with its Oppositions, Newmont is happy to hand deliver such copies as well. Newmont is also delivering by hand highlighted hardcopies of Exhibits 31 and 32 supplied by the AGA Defendants, together with a clean, duplicate set.

Newmont respectfully requests leave to file a redacted copy of Exhibit 30 on the public docket, as the AGA Defendants have not sought to seal the email portion of that document. Newmont does not seek leave to file redacted copies of Exhibits 31, 83, 84, 131, 132, 140, 141, 142, and 143 at this time as both parties have requested that the documents be sealed in their entirety. Accordingly, Newmont respectfully requests leave to file Exhibits 31, 83, 84, 131, 132, 140, 141, 142, and 143 under seal.

Sincerely,

Gregory P. Szewczyk

DMWEST #38321963 v1

Hon. Ronnie Abrams
October 25, 2019
Page 3

Ecls.

BY ECF (Enclosures by Hand Delivery)

Copies w/o Encls. To:

All Counsel of Record

BY ECF

---

Plaintiff seeks to file under seal certain exhibits submitted in connection with its oppositions to Defendants' motions for summary judgment. The Court grants Plaintiff's request as to AGA Exhibits 30 and 31, which appear to consist of "business information . . . which, if revealed, may provide valuable insights into [AGA's] current business practices that a competitor [might] seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted). Accordingly, Plaintiff's request for leave to file a redacted copy of Exhibit 30 on the docket and to file Exhibit 31 in its entirety under seal is granted.

It is not clear to the Court, however, exactly which Newmont Exhibits Plaintiff seeks to file under seal. On the first page of this letter, Plaintiff lists Exhibits 83-84, 131-132, and 140-143. On the second page, Plaintiff discusses Exhibits 84-85, 132-133, and 141-144. The hard copies delivered to the Court are labeled Exhibits 83-84, 131-132, and 140-143, but the contents appear to relate to Exhibits 84-85, 132-133, and 141-144, as detailed in the Declaration of Gregory P. Szewczyk. No later than January 7, 2020, Plaintiff shall clarify which Newmont Exhibits it seeks to file under seal, and shall email the Court both a highlighted set and a clean, unredacted set of those exhibits.

SO ORDERED.

Hon. Ronnie Abrams
1/2/2020